Al Haj Mohammad **AHSANULLAH;**
Mohammad Omar Sharif,
Petitioners,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 04–70173.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Oct. 20, 2006.

Vicenta E. Montoya, Esq., Las Vegas, NV, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer A. Parker Fax, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Division/Office of Immigration Lit., Kevin Connolly, U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

MEMORANDUM *

Petitioners Al Haj Mohammad Ahsanullah ("Ahsanullah") and Mohammad Omar Sharif ("Omar") petition for review of a final BIA order. The order concluded (1) the immigration judge ("IJ") correctly determined changed country conditions in Bangladesh rebutted Ahsanullah's claims of a well-founded fear of future persecution, and (2) Petitioners provided no arguments to demonstrate why they should be excused from their attorney's representa-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tions to the IJ that Omar would proceed as a derivative applicant of Ahsanullah, and not of his mother. We deny the petition for review.

Substantial evidence supports the BIA's conclusions with respect to changed country conditions. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir.2004) (findings of fact are conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary). The record shows the IJ performed a sufficiently individualized analysis of Ahsanullah's claims of persecution, which were based on his affiliation with the Jatiyo Party in Bangladesh. *See Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998). The IJ relied on valid State Department country reports specifically detailing changed country conditions in Bangladesh, including the Jatiyo Party's participation in the current coalition government. *See* 8 C.F.R. § 208.13(b)(1)(i)(A) (evidence of changed country conditions may rebut a presumption of a well-founded fear of future persecution). In the course of this analysis, the IJ correctly considered Ahsanullah's claims of persecution separately from evidence of his wife's experiences.

Substantial evidence also supports the BIA's conclusion that Petitioners were bound by representations Petitioners' counsel made to the IJ regarding Omar's status as a derivative applicant of his father. The record shows Petitioners' counsel told the IJ, "Your honor, I would have the son included in the father's application." In response to the IJ's attempt to confirm that Omar's 1997 application would "be withdrawn," Petitioners' counsel responded, "That is correct your honor." At no point in these proceedings did Petitioners make an argument for why they should escape the consequences of this tactical decision counsel made. Furthermore, the record shows no egregious circumstances to justify such relief. *Magallanes–Damian v. INS,* 783 F.2d 931, 934 (9th Cir.1986) ("It is not unusual or egregious for counsel to make tactical decisions that ultimately fizzle and redound to the client's detriment.") (quoting *Leblanc v. INS,* 715 F.2d 685, 694 (1st Cir.1983)).

**PETITION DENIED.**